SCHLEICHER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-108-CR

ROBERT JOSEPH SCHLEICHER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In two issues, Robert Joseph Schleicher argues that the trial court erred by failing to admonish him about the consequences of his guilty plea in violation of Texas Code of Criminal Procedure section 26.13(a)(5).  We affirm.

In his first issue, Schleicher complains that his conviction must be reversed because the trial court accepted his guilty plea before first admonishing him as required by article 26.13(a) of the Texas Code of Criminal Procedure.  
See
 
Tex. Code Crim. Proc. Ann
. art. 26.13
 (Vernon Supp. 2005).  Specifically, he contends that the trial court failed to admonish him that 
he might be required to register as a sex offender as a result of his plea
.  
See id. 
art. 26.13(a)(5). 

Article 26.13(d) states that the trial court may make the admonitions required by this article either orally or in writing.  
Id
. art 26.13(d).  
Here, Schleicher received written admonitions prior to trial.  Furthermore, immediately before Schleicher 
entered his plea of guilty, the trial court inquired as to whether he 
understood the admonitions.  

Schleicher’s guilty plea to 
three counts of aggravated sexual assault and three counts of indecency with a child 
was preceded by the following exchange: 

The Court:  Another form that you were given to sign was an admonishment form.  It also contains a list of rights and information relevant to your case.  Did you have a chance to go over that form with your attorney?

Defendant:  Yes, ma’am.

The Court:  And to ask him questions if you had any?

Defendant:  Yes, ma’am.

The Court:  Do you think you fully understand the information contained in that form?

Defendant:  Yes, ma’am.

The Court:  Do you have any questions of the court?

Defendant:  No, ma’am.

. . . .

The Court:  Sir, you’ve been notified here in open court of your rights; you have been notified through the plea papers that you’ve signed today of your rights.  Do you think that you fully understand your rights in this case?

Defendant:  Yes, ma’am.

The Court:  And do you believe you have made your decision to plead guilty intelligently, knowingly, and voluntarily?

Defendant:  Yes, ma’am.

Additionally, the State admitted into evidence a printed statutory admonition form signed by Schleicher
 and his attorney.  The form stated that Schleicher
 read and understood the admonitions contained in the form.  The form contained all of the statutorily required admonitions, including the warning that Schleicher
 may be obligated to register as a sex offender as a result of his plea.  
See
 
Tex. Code Crim. Proc. Ant
. art. 26.13(a).  Thus, we hold that the written admonition form admitted into evidence coupled with the trial court’s inquiry,
 satisfies the statutory requirement of art. 26.13, and 
we overrule Schleicher
’s first issue.
  

In his second issue, Schleicher
 contends that the trial court did not substantially comply with the admonition requirements of art 26.13.  
Article 26.13(c) states that when a trial court admonishes a defendant, substantial compliance by the court is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. 
See
 
Tex. Code Crim. Proc. Ann
. art. 26.13(c).  Because we held in the first issue that the trial court complied with the statutory requirements, we overrule Schleicher
’s second issue.  Having overruled both of Schleicher
’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 8, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.